1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    OKSANA LOPEZ, et al.,                    Case No.  24-cv-04320-RS   (LJC)

8                    Plaintiffs,

9          v.                                 **ORDER RESOLVING DISCOVERY
                                              DISPUTE REGARDING SUBOENA TO
10   HARLEY-DAVIDSON, INC.,                   INTERSTATE SERVICES**

                    Defendant.                Re: Dkt. No. 24
11

12

13          Plaintiffs in this case assert claims arising from a fatal accident involving a motorcycle

14   produced by Defendant Harley-Davidson, Inc.  Plaintiffs contend that a component of the

15   motorcycle (variously referenced as the "sidestand," "kickstand," or "Jiffy Stand") caused the

16   accident due to a design defect.  According to Plaintiffs, the decedent had repaired that component

17   himself before the accident.  ECF No. 13 (Case Management Statement) at 3.

18          The motorcycle at issue was destroyed in July of 2024 while litigation remained pending.

19   Plaintiffs assert that its destruction resulted from "an errant instruction from another team at

20   Plaintiffs' counsel's firm (a team which is not working on this case) to the vendor storing the

21   motorcycle."  ECF No. 13 at 3–4.  Harley-Davidson intends to seek spoliation sanctions.  *Id.* at 6.

22           Harley-Davidson served a subpoena on Plaintiffs' storage vendor, Interstate Services,

23   seeking documents related to the storage and destruction of the motorcycle.  In a notice filed in the

24   docket of this case on December 23, 2024, Plaintiffs objected "on the grounds that the subpoena

25   seeks protected work product, including correspondence between counsel and their vendor."  ECF

26   No. 23.  There is no indication that Interstate Services objected to the subpoena.  The parties met

27   and conferred but were unable to resolve their dispute, and have now filed a joint discovery brief

28   in which Plaintiffs seek to quash the subpoena and obtain a protective order precluding any

United States District Court
Northern District of California

1    discovery from Interstate Services.  ECF No. 24.  Plaintiffs do not assert arguments based on

2    burden, overbreadth, or relevance.

3          The present dispute concerns two requests for documents in the subpoena.  Request No. 1

4    seeks "all documents, reports, records, chain of custody, correspondence, payments, invoices, log

5    information for visitors, destruction information, certificate of destruction information, policies

6    and procedures for storing motor vehicles or motorcycles, notes, bills, correspondence, and

7    electronic copies on compact disc (CD) of digital and original photographs and/or negatives and

8    color copy photographs of the subject motorcycle . . . ."  ECF No. 24 at 9 (capitalization omitted).

9    Plaintiffs do not object to production of "(1) policies and procedures for storing motor vehicles or

10   motorcycles; (2) chain of custody records pertaining to the [motorcycle] that is the subject of this

11   case; (3) official record of destruction of the Subject Motorcycle; and (4) photographs of the

12   Subject Motorcycle, but object to production of communications between Plaintiffs' counsel and

13   the vendor.  *Id.* at 9–10.[1]  Harley-Davidson has clarified that it "is not seeking discovery of

14   communications between Plaintiffs' counsel and Interstate Services [that] relate to other vehicles

15   Interstate Services stores for [P]laintiffs' counsel."  *Id.* at 10–11.

16          The Court is satisfied that Harley-Davidson has shown substantial need for

17   communications and other records related to the storage and destruction of the motorcycle at issue,

18   sufficient to overcome the protection for non-opinion work product, in order to develop arguments

19   for potential spoliation sanctions, and that less intrusive means are not available to provide such

20   evidence.  *See* Fed. R. Civ. P. 26(b)(3)(A)(ii); *see, e.g.*, *Scott Griffith Collaborative Sols., LLC v.*

21   *Falck N. Cal. Corp.*, No. 19-cv-06104 SBA (JCS), 2021 WL 4846926, at *10 (N.D. Cal. Sept. 10,

22   2021), *recommendation adopted*, 2021 WL 4846244 (N.D. Cal. Oct. 4, 2021).  It also seems

23   unlikely that most of the responsive documents in possession of Interstate Services would contain

24   the sort of communications related to legal advice that typically fall within attorney-client

25   privilege.  *See L.A. Cty. Bd. of Supervisors v. Superior Ct.*, 2 Cal. 5th 282, 297 (2016) ("In order

26

27   _____

     [1] Both parties include significant amounts of argument in an exhibit to their joint letter.  That
28   approach circumvents the page limit set by this Court's Standing Order.  Going forward, all
     arguments regarding discovery disputes must be included within the body of a joint letter unless
     the parties first seek and obtain the Court's permission to the contrary.

for a communication to be privileged, it must be made for the purpose of the legal consultation, rather than some unrelated or ancillary purpose.").[2]  Communications that merely conveyed instructions to a vendor to store or destroy a motorcycle at issue in litigation are at most ancillary to the purpose of legal consultation.

Interstate Services is therefore ORDERED to produce all documents responsive to Request No. 1 to Plaintiffs for privilege review.  Plaintiffs shall: (1) identify any documents that contain opinion work product (*see* Fed. R. Civ. P. 26(b)(3)(B)) or fall within attorney-client privilege; (2) withhold or redact those documents; and (3) produce the remaining documents and a privilege log to Harley-Davidson.  The parties and Interstate Services shall meet and confer as to a schedule to complete that production.

Request No. 2 seeks "any and all documentation on how many motorcycles were stored at your location on behalf of [Plaintiffs' law firm] from January 2022 – September 2024."  ECF No. 24 at 11 (capitalization omitted).  Plaintiffs object that this invades the privacy of other clients, and that less burdensome options are available to provide the sort of information Harley-Davidson is seeking.  *Id.* at 11–12.  The number of other motorcycles that Interstate Services stored on behalf of Plaintiffs' counsel may be relevant to show the degree of culpability or negligence involved in the erroneous destruction of the motorcycle at issue here.  Absent further evidence regarding the circumstances of that destruction that might support a need for documentation related to such storage, however, other information contained within any responsive documentation may unduly impinge on the privacy or privilege of other clients engaged in litigation.  At least as a starting point, a deposition of Interstate Services—perhaps by written question under Rule 31(a)(4)—might be sufficient to identify the number of motorcycles at issue.

The Court therefore ORDERS that Interstate Services shall not comply with Request No. 2, but the parties and Interstate Services shall meet and confer as to less intrusive methods to determine the number of motorcycles that Interstate Services stored on behalf of Plaintiffs' law

---

[2] "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.  Federal law, however, governs the work product doctrine.  *Anderson v. SeaWorld Parks & Ent., Inc.*, 329 F.R.D. 628, 635 (N.D. Cal. 2019).

firm.  This Order is without prejudice to Harley-Davidson later seeking documents responsive to Request No. 2 upon a stronger showing of need.

The parties and Interstate Services are ORDERED to meet and confer and file either a stipulation or a joint letter no later than January 24, 2025 addressing: (1) the timing of production in response to Request No. 1; and (2) less intrusive methods of discovery regarding the number of motorcycles that Interstate Services stored for Plaintiffs' counsel as called for by Request No. 2.

**IT IS SO ORDERED.**

Dated: January 17, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California