UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OKSANA LOPEZ, et al.,

    Plaintiffs,

v.

HARLEY-DAVIDSON, INC.,

    Defendant.

Case No. 24-cv-04320-RS   (LJC)

**ORDER RESOLVING DISCOVERY DISPUTE**

Re: ECF No. 31

Pending before the Court is the parties' joint discovery letter, ECF No. 31, regarding Defendant Harley-Davidson, Inc.'s deposition subpoena to Walkup, Melodia, Kelly & Schoenberger (WMKS), Plaintiff's counsel. Harley-Davidson argues that the deposition is necessary to its efforts to collect and evaluate facts related to WMKS's efforts to preserve a motorcycle that is at issue in this action. *See also* ECF No. 25 (previous Order addressing another subpoena seeking information about the motorcycle's destruction). Having considered the parties' joint letter and attachments, and the relevant authorities, the Court ORDERS as follows:

WMKS need not comply with the subpoena at this time. Instead, within seven days, the parties shall meet and confer to determine a deadline for Doris Cheng to provide a declaration with a detailed explanation of her firm's efforts to preserve the decedent's motorcycle and the circumstances under which it was destroyed. When the parties meet and confer, they shall also address the topics that the declaration should cover. Harley-Davidson has flagged concerns that Interstate Services' records contained redactions and other omissions. ECF No. 31 at 5. This district has recognized that declarations may provide suitable evidence to address spoliation concerns, though gaps in information contain therein may indicate an effort to evade the discovery relevant information. *See Vieste, LLC v. Hill Redwood Development*, No. 09-cv-04024, 2011 WL

2198257, at *1, *5 (N.D. Cal. Jun. 2011) (finding that defendants had failed to provide adequately detailed declarations regarding their document preservation and collection efforts); *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. C 03-5340, 2007 WL 1848665, at *2 (N.D. Cal. Jun. 27, 2007) (noting the court's prior order requiring declarations regarding what the company's employees did to preserve and collect documents).  To ensure that Harley-Davidson has a sufficient opportunity to explore the issues of concern, no later than seven days after Ms. Cheng provides the declaration, Harley-Davidson may request further discovery, such as a supplemental declaration or a deposition of Ms. Cheng, if it believes that follow up is needed.  If Harley-Davidson makes such a request, the parties shall meet and confer regarding the scope of the supplemental discovery.  If the parties disagree as to the need for this supplemental discovery, they may file a joint letter no later than fourteen days after Ms. Cheng provides her declaration.

If a deposition remains necessary, the Court anticipates that Ms. Cheng's declaration will help the parties and, if necessary, the Court to determine suitable topics and boundaries for the deposition.

**IT IS SO ORDERED.**

Dated: March 11, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge