UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKSANA LOPEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HARLEY-DAVIDSON, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-04320-RS<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

On September 8, 2025, defendant filed a document entitled a "request for remote appearance," referencing an "Ex Parte Application for Temporary Stay of All Proceedings," which had not been filed. On September 9, 2025, defendant filed a motion seeking to stay discovery and all other proceedings, pending disposition of its motion for terminating sanctions, which is presently set to be heard on October 23, 2025. Defendant noticed the stay motion for October 23, 2025, which complies with the local rule requiring at least 35 days' notice for ordinary motions.

Then, later in the day on September 9, 2025, defendant filed a document entitled "Ex Parte Application for Temporary Stay of All Proceedings," which seeks the same substantive relief as the fully noticed stay motion, or in the alternative to advance the hearing on that motion. Defendant appears to contemplate that its "ex parte" application will be heard at 1:30 p.m. on September 11, 2025.

Particularly given that an order recently issued drawing the parties' attention to the fact that Civil Local Rule 6 is the vehicle for obtaining changes to the default scheduling rules,

defendant's failure to consult the local rules before proceeding in this manner is troubling. First, in this court, the term "ex parte" refers to "a motion filed without notice to opposing party." See Rule 7-10. Such motions are permissible only where authorized by a "statute, Federal Rule, local rule, or Standing Order." *Id.* There is no basis for ex parte relief here.[1]

To have its stay motion considered on an abbreviated schedule, defendant should have noticed it for at least 35 days out (which defendant did) and then filed a stipulation for an abbreviated briefing schedule and early hearing date. See Rule 6-2. If the parties were unable to reach such a stipulation, defendant should have filed a motion under Rule 6-3, proposing a shortened briefing schedule and early hearing date. While the "ex parte application" seeks similar relief in the alternative, the failure to follow the procedures and nomenclature of the local rules has caused unnecessary uncertainty and extra work.

Although plaintiffs have not had the opportunity to weigh in on scheduling, the nature of defendant's stay motion is such that expedited consideration is warranted, and this order will avoid undue prejudice or burden to plaintiffs. Plaintiffs' opposition to the stay motion (Dkt. No. 46) shall be filed no later than September 19, 2025. The matter will then be deemed submitted without reply or oral argument, and a ruling will issue in due course. This matter is *not* on calendar for September 11, 2025, notwithstanding the caption on defendant's "ex parte application."

**IT IS SO ORDERED**.

.

Dated: September 10, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] That said, defendant did not actually submit its motion on an ex parte basis, because its filings were all automatically served on plaintiffs through the ECF system.

CASE NO. 24-cv-04320-RS

2