UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OKSANA LOPEZ, et al.,

Plaintiffs,

v.

HARLEY-DAVIDSON, INC.,

Defendant.

Case No. 24-cv-04320-RS

**ORDER DENYING MOTION TO EXCLUDE JASON JOERS' "LITIGATION-BASED OPINIONS"**

Pursuant to Civil Local Rule 7-1(b), plaintiffs' motion to exclude the "litigation-based opinions" of Harley-Davidson employee Jason Joers is suitable for disposition without oral argument and the hearing set for July 16, 2026, is vacated. The motion is denied.

Plaintiffs' sole basis for seeking to exclude the testimony is their contention that Joers was obligated to produce an "expert report" in compliance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, but did not do so. Under its express terms, Rule 26(a)(2)(B) requires a witness to provide such a report only if:

> the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

There is no contention that Joers, employed by Harley-Davidson as engineer in its "Product Integrity" department, was "retained or specially employed" to provide expert testimony in this case. While Joers' job sometimes includes providing support to the legal department, there

is no indication his duties "regularly involve giving expert testimony," and plaintiffs have made no argument to the contrary.

As such, Joers was not obligated to provide an expert report that complies with the content and detail requirements set out in Rule 26(a)(2)(B). Instead, Joers is governed by Rule 26(a)(2)(C), which provides:

> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

There is no dispute that Harley-Davidson provided a disclosure of Joers and his anticipated testimony that complied with Rule 26(a)(2)(C).

To argue that Joers was obligated to provide a full expert report in compliance with Rule 26(a)(2)(B) instead of the more limited disclosure required by Rule 26(a)(2)(C), plaintiffs insist this situation is governed by *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011). In *Goodman*, the court observed that although a plaintiff's treating physician is an expert, "to the extent he or she treated the plaintiff, diagnosed the conditions and reached a prognosis, that testimony is not testimony for which the expert has been specially retained." *Id.* at 821 (quoting the trial court). No report is required for such testimony. "But once the lawyer for the claimant undertakes to elicit an opinion whether a particular traumatic event caused the condition as opposed to another cause, the expert has been transformed into the same type of expert envisioned by the report requirement . . . ." *Id.* at 821-22.

Plaintiffs' reliance on *Goodman* is misplaced because the case predated the 2010 amendments to the rules that added Rule 26(a)(2)(C).[1] The Committee Notes on the 2010

---

[1] Although *Goodman* was argued and submitted five days after the effective date of the amendments, and the opinion was not filed until some weeks later, the court did not discuss them. The amendments, of course, were only automatically applicable to cases filed after the effective date. While they could also be applied to pending cases "insofar as just and practicable," it does

United States District Court
Northern District of California

amendments explained that the addition of Rule 26(a)(2)(C) "resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." The Notes included as specific examples, "physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." The Notes explain that under the amendment, "[p]arties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)."

The effect of the 2010 amendment was explained in *Cedant v. United States*, 75 F.4th 1314, 1323 (11th Cir. 2023):

> For the first time, the text of Rule 26 explicitly clarified that all non-retained witnesses were exempted by default from Rule 26(a)(2)(B)'s reporting requirements. But to compensate, the new Rule also added a more limited set of pretrial disclosure requirements for non-retained witnesses. See Fed. R. Civ. P. 26(a)(2)(C).

In short, *Goodman* does not govern here because it represents an application of Rule 26 as it existed prior to the 2010 amendments. Under the current rule, there is no question that Joers was only obligated to provide a disclosure in compliance with Rule 26(a)(2)(C), not a report with all the detail specified by Rule 26(a)(2)(B).[2]

not appear the parties called the court's attention to the new rules.

[2] It is not entirely clear that even in the absence of the 2010 amendment the rationale of *Goodman* necessarily would apply to Joers. Under the old rules, a physician asked to testify on matters beyond his or her treatment of the plaintiff could reasonably be characterized as "retained" with respect to that additional testimony, especially if compensated for the hours incurred in reviewing additional materials and preparing additional opinions. It seems less likely that a party employee would typically be specifically compensated for preparing and giving expert testimony, and that it would be more of a stretch to describe him or her as "retained." It is not necessary to decide the issue, however, given the current rule.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: July 6, 2026

_____
RICHARD SEEBORG
United States District Judge

CASE NO. 24-cv-04320-RS