UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OKSANA LOPEZ, et al.,

Plaintiffs,

v.

HARLEY-DAVIDSON, INC.,

Defendant.

Case No. 24-cv-04320-RS

**ORDER RE MOTIONS IN LIMINE AND MOTION TO AMEND JOINT PRETRIAL STATEMENT**

A. Plaintiffs' motions in limine

1. Plaintiff move to exclude "(1) witness testimony on the subject [of the motorcycle's destruction], including the proposed testimony of Doris Cheng [an attorney at plaintiffs' firm] and Steven Wayland [an employee of the storage facility that destroyed the motorcycle]; (2) written discovery responses and deposition-on-written-questions answers concerning the disposal; and (3) argument characterizing the disposal as intentional, in bad faith, or as an effort to conceal, or suggesting that Plaintiffs or their counsel destroyed evidence to gain a litigation advantage."

The parties are directed to meet and confer as to a stipulation that can be presented to the jury describing the circumstances of the motorcycle's destruction. The motion is otherwise granted. This ruling, however, does not preclude Harley Davidson from introducing evidence or argument as to effect the destruction had, if any, on its ability to present its defense.

2. Plaintiffs move to exclude three categories of material in the April 9, 2022 CHP Traffic

Collision Report ("TCR"): (1) The hearsay statements of Shane Agueros summarized in the TCR (pp. 18, 19, 22); (2) The TCR's conclusions as to the cause of the crash and Mr. Lopez's fault, including the "CAUSE" section (p. 25) and the reference to Vehicle Code section 24002(a) (p. 2); and (3) The "Human Analysis" assertions that the kickstand "defect was known to Party #1 (Lopez) for several months prior to the crash" and that Mr. Lopez "had been on approximately 50 motorcycle rides with Witness #2 (Agueros) since being made aware of the defect" (p. 19). The motion is granted as to the TCR's "cause" conclusion and Vehicle Code reference because it does not include sufficient foundation as to the reliability of the "investigation." The motion is granted as to the hearsay statements of Shane Agueros, without prejudice to introduction of those same facts from other sources or from any admissions of plaintiffs. The "Human Analysis" assertions are likewise excluded, without prejudice to introduction of the same facts from other sources or admissions.

3. Plaintiffs seek to preclude either of Harley-Davidson's expert witnesses, Sean McDonough or Jason Joers, from "interpreting" FMVSS 123 at trial. While the witnesses may not offer legal conclusions as to the meaning or applicability of the regulations, the motion is denied without prejudice to objections at trial to specific questions or testimony.

4. Plaintiffs move to exclude evidence of any modifications to the motorcycle that defendant's expert did not identify as directly contributing to causation of the accident. The motion is granted without prejudice to the extent evidence is offered for some other relevant purpose.

5. Plaintiffs move to exclude Harley Davidson internal documents, Bates numbers 03665-03666. Because plaintiffs have not shown a discovery violation in connection with how and when the documents were produced, the motion is denied.

6. Plaintiffs' motion to exclude "propensity evidence" does not identify any particular factual evidence to be excluded. Plaintiffs instead point to certain deposition passages that may be subject to objection as unduly speculative or lacking in foundation, and such objections may be raised at trial. The motion is denied.

7. Plaintiffs seek to exclude evidence that Lopez was once shot, and "evidence testimony, question, or argument concerning an alleged crime, arrest, detention, charge, conviction, or gang association of any party, witness, or non-party." Defendant agrees it will not seek to introduce any such matters, unless plaintiffs "open the door." The motion is granted.

8. Plaintiffs seek to exclude certain opinions of Jason Joers. In opposition, defendant sets out a list of matters as to which Joers will not testify. Defendant will be held to those concessions, and the motion is otherwise denied.

B. Defendants' motions in limine

1. Defendant moves to exclude the opinions of plaintiffs' expert Peter Sullivan that (1) Harley-Davidson's locking Jiffy Stand design was defective; (2) a side-stand interlock or warning indicator would have prevented this crash or constituted a safer alternative design; (3) the modified side-stand assembly contained original Harley-Davidson components; and (4) Mr. Lopez subjectively believed the Motorcycle or its side stand condition was safe. Sullivan may not testify as to Mr. Lopez's subjective beliefs. The motion is otherwise denied because Sullivan has shown an adequate basis for his conclusions.

2. Defendant seeks exclusion of certain opinions of Randy Nelson. Plaintiffs agree Nelson will not testify on 1) Lopez's state of mind, including what he knew, believed, expected, perceived, or would have done, 2) interlock design or operation, or 3) what an "ordinary consumer" expects. Plaintiff will be held to those concessions.

Plaintiffs indicate Nelson will only testify to 1) what is and is not visible from a normal seated riding position, 2) how a motorcycle's own exhaust and airflow at speed affect what its rider can hear, and 3) what is and is not common knowledge, and normally expected, about side stands that sag, drop down, or are left down. Phrased as such, the testimony appears admissible. Plaintiffs, however, also describe the third point as an opinion that "riders do not expect a sagging stand to lock out and throw them," may be unduly speculative or lack foundation. Specific objections may be presented at trial, based on the form of particular questions or answers.

3. Defendant seeks to exclude all evidence or argument regarding interlock systems. As the motion to exclude Sullivan's testimony on the issue has been denied, so must be this motion.

4. Defendant seeks to exclude evidence or argument about any "failure to warn," given plaintiffs' dismissal of that claim for relief. To avoid overbreadth, the motion will be granted as follows: No party shall (1) offer testimony or argument that Harley-Davidson's written warnings were inadequate, insufficiently specific, or defective as a basis for liability; (2) argue that Harley-Davidson should have provided a different or additional written warning; (3) argue that the crash or Plaintiffs' damages were caused by inadequate written warnings; or (4) refer to the dismissed third cause of action; provided that the order shall not preclude any party from (a) offering the content of Harley-Davidson's manuals, warnings, and instructions, including what they do and do not address, as evidence relevant to comparative fault, foreseeable misuse or modification, Harley-Davidson's knowledge of the hazard, or the gravity and likelihood of the danger; (b) offering evidence and argument regarding the rider-notification functions of a side stand interlock system as part of Plaintiffs' alternative design theory; or (c) responding to evidence or argument by the other party regarding the content or sufficiency of any warning or instruction.

5. Defendant moves to exclude evidence or argument concerning certain recalls and/or NHTSA defect allegations. Because the present record is insufficient to determine the relevancy of

such materials, the motion is denied, without prejudice to specific objections at trial.

6. Defendant seeks exclusion of evidence of three other lawsuits against it, various "uncorroborated" accounts gleaned from news articles and/or internet forum posts, and warranty claims. Plaintiffs will be held to the concessions in their opposition as to materials they will not offer. Otherwise, the record is insufficient to determine relevancy. The motion is denied, without prejudice to specific objections at trial.

7. Defendant moves to exclude evidence of testing that it performed in 2004. Because it has not shown that evidence to be wholly irrelevant or unduly prejudicial, the motion is denied.

8. Plaintiffs have agreed not to introduce the "graphic" photographs defendant sought to exclude. To the extent plaintiffs intend to introduce any photographs that may incidentally depict blood, the parties shall meet and confer as to any appropriate redactions.

9. Plaintiffs will be held to the concessions they made in opposition to defendant's "omnibus" motion. The motion is otherwise denied, without prejudice to specific objections at trial.

C. Plaintiffs' motion to amend the pretrial conference statement

Plaintiffs have established that as a result of excusable neglect, the joint pretrial statement misstates their position as to five facts listed as undisputed. There is no basis to hold plaintiffs to those inadvertent admissions. The motion is granted.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: September 21, 2026

RICHARD SEEBORG
United States District Judge